IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tyquan Jamar Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>E.L. Clements, III; Ryan James White; David A. Richardson, Jr.; and John Charles Jepertinger,<br><br>    Defendants. | C/A No.: 4:24-cv-7429-SAL<br><br>**ORDER** |

Plaintiff Tyquan Jamar Johnson, proceeding pro se and in forma pauperis, filed this Amended Complaint against the named defendants. ECF No. 22. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Kaymani D. West, (the "Report"), ECF No. 25, recommending that this case be summarily dismissed. Plaintiff filed objections to the report. ECF Nos. 28, 29. For the reasons that follow, the court adopts the Report, overrules Plaintiff's objections, and summarily dismisses this case.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district

1

court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. The magistrate judge recommends summary dismissal because Plaintiff makes no factual allegations that Defendants, who are all state prosecutors, were involved in Plaintiff's arrest, and because Defendants, as prosecutors, are entitled to absolute immunity. ECF No. 25 at 3–4 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259

(1993) and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)). The court agrees with the magistrate judge on both grounds.

First, even construing the Amended Complaint liberally, Plaintiff fails to allege sufficient facts to support a finding that Defendants had any involvement in his arrest. Plaintiff's sole claim is that Defendants failed to properly investigate the crimes with which he was charged. ECF No. 22 at 3–4. Additionally, prosecutors are entitled to absolute immunity for activities in or connected with judicial proceedings. ECF No. 25 at 3–4. Plaintiff's claims are thus barred by prosecutorial immunity because they challenge actions taken in the course of his judicial proceedings, including his bond or bail hearings.

Plaintiff objects to the Report on the grounds that he received the January 17, 2025, order on January 29, 2025, leaving him only two days to file an amended complaint or otherwise cure the deficiencies of his pleadings. ECF No. 29 at 3. He asserts that his transfer from Kershaw Correctional Institution to Allendale Correctional Institution on January 16, 2025, along with the short staffing of the South Carolina Department of Corrections, caused this delay.

However, the Report does not recommend summary dismissal based on the failure to timely file an Amended Complaint or otherwise cure the identified deficiencies. Rather, the Report recommends summary dismissal because the Amended Complaint suffers from the same deficiencies as Plaintiff's initial Complaint, specifically the failure to state a claim upon which relief can be granted. ECF No. 25 at 4. Plaintiff's objections are therefore not relevant to the grounds upon which the recommendation of summary dismissal is made.[1] Accordingly, the court overrules Plaintiff's objections.

---

[1] Plaintiff also submitted a letter where he generally objects to the magistrate judge's recommendation. But this objection does not offer any reason the named defendants are not entitled to prosecutorial immunity. Moreover, a general objection does not require de novo review.

**CONCLUSION**

There is no clear error in the Report. Further, after a de novo review of the Report, the applicable law, and the record of this case, the court overrules Plaintiff's objections and adopts and incorporates the Report. ECF No. 25. Accordingly, this case is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

September 30, 2025　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　　United States District Judge

---

*See Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complaint" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).